UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CHRISTOPHER NOEL POOLEY, et al.**  **CIVIL ACTION**

**VERSUS**  **NO. 13-0918**

**STATE FARM MUTUAL AUTOMOBILE**  **SECTION: "G"(3)**
**INSURANCE COMPANY**

## ORDER AND REASONS

Before the Court is Plaintiffs Christopher Noel Pooley and Joann Pooley's (collectively, "Plaintiffs") Motion to Remand.[1] After considering the complaint, the pending motion, the memorandum in support, the opposition, the record, and the applicable law, the Court will deny the pending motion.

## I. Background

### A. Factual Background

Accordingly to Plaintiffs, at all relevant times, Defendant State Farm Mutual Automobile Insurance Company ("Defendant") provided them with an insurance policy for a 2008 GMC 2500 automobile (hereinafter, "the truck") owned by Joann Pooely.[2] On or about May 2, 2012, Plaintiffs were the victims of an automobile theft of the truck.[3] Plaintiffs claim that they immediately notified Defendant, and were assigned an adjuster, Kendra Bradford, of the Special Investigative Unit, to "investigate and adjust immediately."[4]

---

[1] Rec. Doc. 7.

[2] Rec. Doc. 1-1 at ¶ 2 (Petition for Damages).

[3] *Id.* at ¶ 3.

[4] *Id.* at ¶ 5.

Plaintiffs maintain that "[o]ver the course of the next several months, Kendra Bradford delayed the claim as she thought of any reason not to pay the claim."[5] Plaintiffs further contend that Defendant and its agents "know that plaintiffs ... did not have anything to do with the automobile theft," but nonetheless have yet to pay or deny their claim.[6] Therefore, Plaintiffs bring suit against Defendant, alleging that it breached the terms and conditions of the insurance contract and have acted arbitrarily, capriciously and in bad faith in adjusting the claim, all in violation of Louisiana Revised Statutes §§ 22:658 and 22:1220.[7] Plaintiffs request general damages "due to mental anguish, pain, suffering, inconvenience, loss of use and frustration that resulted from the Defendants' [sic] improper/negligent/faulty work.[8] In addition, Plaintiffs seeks all penalties, attorney's fees and costs incurred by them as a result of this suit.[9]

## B. Procedural Background

Plaintiffs filed a Petition for Damages in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana, on March 11, 2013.[10] On April 16, 2013, Defendant filed a Notice of Removal with this Court, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C.

---

[5] *Id.* at ¶ 6.

[6] *Id.* at ¶¶ 7-8.

[7] *Id.* at ¶ 9.

[8] *Id.* at ¶ 12.

[9] *Id.* at ¶ 13.

[10] *Id.*

§ 1332.[11] On May 6, 2013, Plaintiffs filed the pending motion to remand.[12] On June 25, 2013, Defendant filed an opposition.[13]

## II. Parties' Arguments

In support of the pending motion, Plaintiffs argue that this action should be remanded to state court because the amount in controversy does not exceed $75,000, and therefore this Court lacks subject matter jurisdiction.[14] Plaintiffs argue that the truck is only worth $30,000, and there is "no evidence that the claim will approach $75,000."[15] In fact, Plaintiffs now "stipulate that their claim does not exceed $75,000."[16]

In opposition, Defendant notes that it, as the removing party, bears the burden to prove by a preponderance of the evidence that the jurisdictional amount exists, by either showing that it is facially apparent that the claims are likely above the amount in controversy requirement or by setting forth facts in controversy that support a finding of the constitutional minimum.[17] Defendant also notes that if "under state law, the plaintiff will not be limited to recovery of the amount pleaded in his suit, the Court must look to the true amount in controversy."[18] Defendant argues that Plaintiffs' motion makes it "facially apparent" that subject matter jurisdiction exists here, because Plaintiffs

---

[11] Rec. Doc. 1.

[12] Rec. Doc. 7.

[13] Rec. Doc. 9.

[14] Rec. Doc. 7-1 at p. 1.

[15] *Id.*

[16] *Id.*

[17] Rec. Doc. 9 at p. 2.

[18] *Id.* at p. 3 (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410-11 (5th Cir. 1995)).

aver that the truck is valued at $30,000 and they also seek damages for "mental anguish, pain, suffering, inconvenience, loss of use and frustration and bad faith penalties and fees."[19]

Further, Defendant contends that Plaintiffs' stipulation made in support of the pending motion is insufficient to deprive the Court of subject matter jurisdiction. First, Defendant argues that "if plaintiffs' stipulation were genuine, then, pursuant to Louisiana Code of Civil Procedure Article 893(A)(1), it was incumbent upon plaintiffs to include in their Petition a general allegation that federal court[s] lacked jurisdiction due to the insufficient amount in controversy," but that no such allegation appears.[20] Second, Defendant avers that the "post-removal stipulation" was untimely and therefore "fails to rise to the level of a binding stipulation."[21] Defendant relies on the United States Supreme Court's decision in *St. Paul Mercury Indemnity Co. v. Red Cab. Co.*,[22] where the Supreme Court held that post-removal stipulations would not deprive a district court of subject matter jurisdiction.[23] In addition, the Defendant cites the Fifth Circuit in *Gebbia v. Wal-Mart Stores, Inc.*,[24] where the court held that post-removal affidavits could only be considered to detemrine the aount in controversy at the time of removal, and only if it is not facially apparent from the peititon that the amount in controversy exceeds $75,000.[25]

---

[19] *Id.*

[20] *Id.* at p. 4.

[21] *Id.*

[22] 303 U.S. 283 (1938).

[23] *Id.* at 291-93.

[24] 233 F.3d 880 (5th Cir. 2000).

[25] *Id.* at 883.

4

Here, Defendant argues that upon its own valuation of the truck, it calculated a value of $34,550.00, and Plaintiff acknowledged that the value is at least $30,000.[26] Defendant also argues that Plaintiffs' claim may entitle it to punitive damages under Louisiana Revised Statutes §§ 22:1973 and 22:1892, which could impose punitive damages two times the amount of actual damages incurred under Section 22:1973, or 50% of the amount due under Section 22:1892.[27] While Defendant acknowledges that Plaintiff could only potentially recover punitive damages under one of these statutes, Defendant notes that if Plaintiff were to recover under Section 22:1973, they could still receive attorney's fees under Section 22:1892.[28] Defendant contends that the possible availability of these damages makes it facially apparent that the amount in controversy exceeds $75,000.[29] Finally, Defendant claims that many courts within this Circuit have denied motions to remand in similar cases involving alleged vehicle thefts, and similar claims for damages.[30]

### III. Law and Analysis

*A. Subject Matter Jurisdiction under 28 U.S.C. § 1332- Generally*

In pertinent part, 28 U.S.C. § 1332 provides:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
    (1) citizens of different States.[31]

---

[26] Rec. Doc. 9 at pp. 6-7.

[27] *Id.* at pp. 7-8.

[28] *Id.* at p. 8 (citing *Kodrin v. State Farm Fire & Cas. Co.*, 314 F. App'x 671, 678-79 (5th Cir. 2009)).

[29] *Id.*

[30] *See id.* at pp. 9-10 (citing and discussing cases).

[31] 28 U.S.C. § 1332(a)(1).

5

Federal subject matter jurisdiction cannot be waived.[32] The parties have not disputed the existence of diversity among the parties, and from the unrefuted allegations in the Notice of Removal, the Court finds that this requirement is met.[33]

At issue here is whether the amount in controversy condition is met to confer subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Because under Louisiana state law a plaintiff may not state the numerical value of the damage claim,[34] the Fifth Circuit has developed a specific framework to resolve disputes as to the amount in controversy. In *Luckett v. Delta Airlines, Inc.*,[35] the Fifth Circuit stated:

> Plaintiffs in Louisiana state courts, by law, may not specify the numerical value of the damage claim. La.Code Civ. P. art. 893. In such a situation, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) "by setting forth the facts in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)(emphasis in original).[36]

The *Luckett* court affirmed the district court's denial of a motion to remand:

> In the complaint, based on a tort theory of recovery, appellant alleged damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do

---

[32] *Hospitality House, Inc. v. Gilbert*, 298 F.3d 424, 429 (5th Cir. 2002).

[33] *See* Rec. Doc. 1 at ¶¶ 1-2 (stating that Plaintiffs are citizens of Louisiana and Defendant is a citizen of Illinois).

[34] *See* La. Code Civ. P. art. 893.

[35] 171 F.3d 295 (5 th Cir. 1999).

[36] *Id.* at 298 (certain internal citations omitted).

housework after the hospitalization. Therefore, the district court had jurisdiction to decide the merits of the case.[37]

## *B. Analysis*

### 1. Amount in Controversy

Here, Plaintiffs claim that the amount in controversy is not met because "the stolen truck is worth $30,000."[38] However, this statement ignores that Plaintiffs expressly requested damages for "mental anguish, pain, suffering, inconvenience, loss of use and frustration that resulted from the Defendants' [sic] improper/negligent/faulty work," as well as penalties, attorney's fees, and costs.[39] Therefore, Plaintiffs have requested more than simply the value of the truck. In *Luckett*, the Fifth Circuit found that damages for property and other tangible losses, coupled with a request for damages for "pain and suffering, humiliation, and [a] temporary inability to do housework," satisfied the jurisdictional amount and established that the district court had subject matter jurisdiction.[40]

Moreover, as Defendant has noted, Plaintiffs could be entitled to punitive damages under one of two statutes. First, under Louisiana Revised Statute § 22:1973, which governs an insurer's good faith duty and settlement practices:

> In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer ***in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater.*** Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.[41]

---

[37] *Id.*

[38] Rec. Doc. 7-1 at p. 1.

[39] *See* Rec. Doc. 1-1 at ¶¶ 12-13.

[40] 171 F.3d at 298.

[41] La. R.S. § 22:1973(C) (emphasis added).

Second, Louisiana Revised Statute § 22:1892, which regulates the payment and adjustment of claims, states:

> Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim, as provided in Paragraphs (A)(1) and (4) of this Section, respectively, or failure to make such payment within thirty days after written agreement or settlement as provided in Paragraph (A)(2) of this Section when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, ***in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured***, ***or one thousand dollars, whichever is greater***, payable to the insured, or to any of said employees, or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.[42]

Therefore, taking Plaintiffs' valuation of the truck at $30,000, it is "facially apparent" that Plaintiffs' claims could be calculated at $90,000 under Section 22:1973 (Value of the truck [$30,000] + Twice the value of the truck [$60,000] = $90,000) or $45,000 under Section 22:1892 ($30,000 + ½ the value of the truck [$15,000] = $45,000), even before Plaintiffs' request for other damages are taken into account.[43] The first scenario, where Plaintiffs recover punitive damages pursuant to Section 22:1973, Defendant has clearly carried its burden to demonstrate that the amount in controversy exceeds $75,000. As the Fifth Circuit has stated, "the amount in controversy cannot be

---

[42] La. R.S. § 22:1892(B)(1).

[43] The Court notes that typically attorney's fees and court costs are not included in calculating if the amount in controversy requirement has been met. *See, e.g., Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9 th Cir. 1998) (holding that attorney's fees cannot be included in the amount in controversy unless "an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language); *see also Green v. Flour Corp.*, 122 F.Supp. 224, 224 (S.D.N.Y. 1954) ("Where the plaintiff has several demands against the defendant which he may join in one action, the aggregate of those demands ***exclusive of interest and costs*** is the amount in controversy.") (emphasis added).

made to depend on the amount that a plaintiff may ultimately recover."[44] Instead, a defendant claiming federal jurisdiction need only "prove by a preponderance of the evidence that ***the amount in controversy*** exceeds $75,000."[45]

While the possibility of recovery in an amount over $75,000 pursuant to Section 22:1973, before including Plaintiffs' request for additional damages, alone satisfies Defendant's burden to establish subject matter jurisdiction, the Court notes that this requirement is also met with regard to Section 22:1892, as well. As noted above, in addition to the value of the truck and the punitive damages a plaintiff is potentially entitled to under Section 22:1892, Plaintiffs have requested damages for "mental anguish, pain, suffering, inconvenience, loss of use and frustration that resulted from the Defendants' [sic] improper/negligent/faulty work."[46] In other contexts, the Fifth Circuit has held that requests for damages for "mental pain and suffering" establish a facially apparent case that the jurisdictional amount has been met.[47]

### 2. Plaintiffs' Post-Removal Stipulation

In support of the pending motion, Plaintiffs "stipulate that their claim does not exceed $75,000."[48] Defendant argues that this particular stipulation is insufficient to defeat federal subject matter jurisdiction here. The United States Supreme Court has specifically noted that where "the plaintiff after removal, ***by stipulation***, by affidavit, or by amendment of his pleadings, reduces the

---

[44] *Opelika Nursing Home, Inc. v. Richardson*, 448 F.2d 658, 664 (5th Cir. 1971).

[45] *Luckett*, 171 F.3d at 298 (emphasis added).

[46] *See* Rec. Doc. 1-1 at ¶¶ 12-13.

[47] *See Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 67 (5th Cir. 2010). The Court notes that this case was a wrongful death action.

[48] Rec. Doc. 7-1 at p. 1.

9

claim below the requisite amount, this does not deprive the district court of jurisdiction."[49] Relying on this precedent, the Fifth Circuit has held that "if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction."[50] As this Court has already found that the Petition here makes it facially apparent that the amount in controversy exceeds $75,000, Plaintiffs' post-removal stipulation does not divest this Court of subject matter jurisdiction.

Moreover, while Louisiana law generally prevents a plaintiff from including the amount of damages in the petition, the law also creates an exception for situations where the amount in controversy is "necessary to establish ... the lack of jurisdiction of federal courts due to insufficiency of damages.[51] In such cases "a general allegation that the claim exceeds or is less than the requisite amount *is required*."[52] District courts within this Circuit have held that the absence of such an allegation amounts to a "tacit concession" that "the damages sought by the plaintiff exceed[] $75,000."[53] While the Court finds that it is facially apparent from the Petition for Damages that the

---

[49] *St. Paul Mercury Indem.*, 303 U.S. at 292 (emphasis added).

[50] *Gebbia*, 233 F.3d at 883.

[51] La. Code. Civ. P. art. 893(A)(1)

[52] *Id.* (emphasis added).

[53] *See Kerr v. State Farm Fire & Cas. Co.*, No. 11-CV-113, 2011 WL 2160871, at *2 (M.D. La. Jun. 1, 2011); *see also Chambers Med. Found. v. Chambers*, No. 05-CV-786, 2006 WL 1895479, at *2 n. 3 (W.D. La. Jan. 23, 2006) ("In Louisiana state court cases, plaintiffs are generally prohibited from alleging a monetary amount of damages in the petition. La.Code Civ. P. Art. 893 (as amended by Acts 2004, No. 334). However, if the claim seeks less than the requisite amount for the exercise of federal jurisdiction, plaintiffs are now required to so allege in the petition. Id. Here, the petition contains no such limitation. Thus, plaintiff has, in effect, conceded in its state court pleadings that the requisite jurisdictional amount is in controversy. This creates a 'strong presumption' in favor of jurisdiction. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 591, 82 L.Ed. 845 (1938). Accordingly, it is 'facially apparent' that the amount in controversy exceeds $75,000.").

amount in controversy exceeds $75,000, Plaintiffs' failure to include in their Petition for Damages, which they initially filed in a Louisiana state court, a general allegation that the amount in controversy for federal jurisdiction is not met, as would have been required under the Louisiana Code of Civil Procedure, further indicates that this Court's exercise of jurisdiction is appropriate.

### IV. Conclusion

For the reasons stated above, the Court finds that Defendant has met its burden to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand[54] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this  3rd  day of July, 2013.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[54] Rec. Doc. 7.